UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 9, 2017

LETTER TO ALL COUNSEL

Re: *April Vincent o/b/o J.S. v. Commissioner, Social Security Administration*;
Civil No. SAG-17-495

Dear Counsel:

On February 17, 2017, April Vincent petitioned this Court to review the Social Security Administration's denial of her claim for Children's Supplemental Security Income ("SSI") on behalf of her minor daughter, J.S. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. [ECF Nos. 18, 19, 20]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds); *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Local R. 105.6 (D. Md. 2016). I will grant the Commissioner's motion and deny Ms. Vincent's motion. This letter explains my rationale.

Ms. Vincent protectively filed for Children's SSI on behalf of J.S. on October 3, 2012, alleging a disability onset date of January 1, 2010. (Tr. 132-37). Her claim was denied initially and on reconsideration. (Tr. 43-50, 52-60). A hearing was held on May 15, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 14-42). Following the hearing, on July 1, 2015, the ALJ issued an opinion denying benefits. (Tr. 65-79). Because the Appeals Council denied Ms. Vincent's request for review, (Tr. 1-6), the ALJ's decision is the final, reviewable decision of the Agency.

The ALJ evaluated Ms. Vincent's claim using the three-step sequential process for claims involving childhood SSI, as set forth in 20 C.F.R. § 416.924. The ALJ's findings at steps one and two favored Ms. Vincent's claim. At step one, the ALJ found that J.S. had not engaged in any substantial gainful activity since the application date. (Tr. 68). At step two, the ALJ found that J.S. suffered from the severe impairment of attention deficit hyperactivity disorder (ADHD). *Id.* At step three, however, the ALJ found that J.S. did not have an impairment or combination of impairments that met any listing. (Tr. 68-69). Additionally, the ALJ determined that J.S. did not have an impairment or combination of impairments that would be functionally equivalent to any listing. (Tr. 69-78). Therefore, the ALJ determined that J.S. was not disabled for purposes of Children's SSI benefits. (Tr. 79).

Ms. Vincent asserts two primary arguments in support of her appeal: (1) that the ALJ should have ruled that J.S.'s mild mental retardation was a severe impairment; and (2) that the

ALJ should have found J.S. to have a marked limitation in the functional domain of attending and completing tasks. I disagree.

First, Ms. Vincent argues that the ALJ erred by failing to classify J.S.'s diagnosis of mild mental retardation as a severe impairment at step two of the sequential evaluation. Step two involves a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 138 (1987) (upholding the severity threshold because, "[i]f a claimant is unable to show that he has a medically severe impairment . . . there is no reason for the Secretary to consider [the claimant's] age, education, and work experience"). If a claimant is not suffering from any severe impairment(s), he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). If a claimant is found to be suffering from a severe impairment(s), the analysis simply proceeds to the next step. *Id.*

Here, the ALJ found J.S. to suffer from the severe impairment of attention deficit hyperactivity disorder (ADHD). (Tr. 68). The ALJ did not discuss any other diagnoses or impairments within the step two section of the opinion. However, elsewhere in the opinion, the ALJ explained her reason for essentially discounting the diagnosis of mental retardation. Specifically, the ALJ stated that Dr. Weinstock, who made the diagnosis, "noted that the claimant's difficulties were attributed to low energy, lack of motivation and interest, poor habits and a lack of support at home" and "noted that[,] given what he observed at the consultative examination, it is hard to be definitive about the nature of the claimant's difficulties." *Id.* The ALJ further described how "a psychological evaluation report in February 2011 found the claimant to have a full scale IQ score of 92, which indicate [sic] average of functioning." (Tr. 69). Subsequently, the ALJ concluded: "While there is evidence of academic functioning below grade level, there is also evidence of a full scale IQ score within the average range." (Tr. 70). Thus, the "diagnosis" made by Dr. Weinstock, according to the ALJ, did not seem to be definitive or supported by other evidence.

Moreover, even if the ALJ's failure to discuss the mild mental retardation diagnosis at Step Two were error, Ms. Vincent has failed to show how she was prejudiced by the ALJ's failure. As noted above, the ALJ determined that J.S. suffered from another severe impairment, ADHD, and continued through the entire sequential evaluation of the allegation of disability. Moreover, in assessing whether J.S.'s impairments were equivalent to a listing, the ALJ discussed the diagnosis of mild mental retardation and considered all of J.S.'s limitations in each relevant functional area, whether due to ADHD or intellectual limitation. (Tr. 68-78); *see, e.g.*, (Tr. 74) (discussing, later in the opinion, that J.S. "has been in special education" and "is not functioning at grade level"). Thus, the ALJ properly considered all of J.S.'s impairments, whether severe or non-severe, at the relevant stages of the sequential evaluation. Any step two error is therefore harmless.

Ms. Vincent's second argument cites the ALJ's failure to find a marked limitation in the area of attending and completing tasks. The relevant commentary pertaining to that functional domain reads:

> School-age children (age 6 to attainment of age 12). When you are of school age, you should be able to focus your attention in a variety of situations in order to follow directions, remember and organize your school materials, and complete classroom and homework assignments. You should be able to concentrate on details and not make careless mistakes in your work (beyond what would be expected in other children your age who do not have impairments). You should be able to change your activities or routines without distracting yourself or others, and stay on task and in place when appropriate. You should be able to sustain your attention well enough to participate in group sports, read by yourself, and complete family chores. You should also be able to complete a transition task (e.g., be ready for the school bus, change clothes after gym, change classrooms) without extra reminders and accommodation.

20 CFR 416.926a(h)(2)(iv).

> In assessing J.S.'s abilities, the ALJ noted:
>
> The claimant testified that she washes dishes and sweeps the hallway. She testified that she needs reminders when performing chores. Ms. Vincent testified that after school the claimant does her chores. However, she has to be reminded to complete certain tasks. As noted above, the claimant has difficulty with completing her homework. The claimant testified that she receives help with her homework in school and at home.

(Tr. 75). Given the import of the evidence cited by the ALJ (that J.S. is able to perform chores and complete her homework, if she is provided support and reminders), the ALJ's conclusion that her impairment is "less than marked" is readily defensible.

     Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Vincent's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find that the ALJ's RFC determination was supported by substantial evidence. Therefore, remand is unwarranted, even if other evidence exists that could be marshaled in support of a finding of disability.

     Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment, (ECF No. 19), and DENIES Ms. Vincent's Motion for Summary Judgment, (ECF No. 18). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge